UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAIJAH JACKSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARK COUNTY DETENTION CENTER,<br><br>    Defendant. | Case No.  2:23-cv-01796-GMN-MDC<br><br>**ORDER DISMISSING AND CLOSING CASE** |

    Pro se plaintiff Taijah Jackson brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that allegedly happened while he was in custody at Clark County Detention Center. (ECF No. 1-1).  On August 2, 2024, this Court ordered Jackson to file his updated address and either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* by September 2, 2024. (ECF No. 5).  The Court warned Jackson that this action could be subject to dismissal without prejudice if he failed to timely comply. (*Id.* at 1). That deadline expired and Jackson has not filed an updated address and either paid the filing fee or filed an application to proceed *in forma pauperis*, moved for an extension, or otherwise responded.  And Jackson's mail from the Court has been returned as undeliverable. (ECF No. 6).

I.    <u>**DISCUSSION**</u>

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).  In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the

public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Jackson's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without collecting reasonable fees, and litigation cannot progress without the ability to send Jackson case-related documents, the only alternative is to enter a second order setting another deadline. But without an updated address, the likelihood that the second order would even reach Jackson is low, so issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** based on Taijah Jackson's failure to file an updated address and either pay the full $405 filing fee or file an application to proceed *in forma pauperis* in compliance with this Court's August 2, 2024, order.

The Court kindly directs the Clerk of the Court to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

It is further ordered that no other documents may be filed in this now-closed case. If Taijah Jackson wishes to pursue his claims, he must file a complaint in a new case, provide the Court his current address, and either pay the required filing fee or apply for *in forma pauperis* status.

**DATED** this  25  day of   September  , 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT